**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a<br>BLACKBIRD TECHNOLOGIES,<br><br>     Plaintiff,<br><br>v.<br><br>EVD, INC. d/b/a EVOLVE DISCOVERY,<br><br>     Defendant. | C.A. No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Blackbird Tech LLC d/b/a Blackbird Technologies ("Blackbird Technologies") hereby alleges for its Complaint for Patent Infringement against the above-named Defendant, on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

### THE PARTIES

1.     Plaintiff Blackbird Technologies is a limited liability company organized under the laws of Delaware, with its principal place of business located at One Boston Place, Suite 2600, Boston, MA 02108.

2.     On information and belief, Defendant EvD, Inc. d/b/a Evolve Discovery ("Defendant" or "Evolve Discovery") is a corporation organized under the laws of Delaware, with its principal place of business located at 611 Mission Street, 4th Floor, San Francisco, CA 94105.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the provisions of the Patent

Laws of the United States of America, Title 35, United States Code §§ 100, *et seq*.

4.      Subject-matter jurisdiction over Blackbird Technologies' claims is conferred upon

this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a)

(patent jurisdiction).

5.      This Court has personal jurisdiction over Defendant because Defendant is subject

to general and specific jurisdiction in the State of Delaware.  Defendant is incorporated in

Delaware.  In addition, Defendant has established minimum contacts with this forum.  Defendant

regularly conducts business in Delaware, including making and/or using infringing computer

systems for Delaware customers as well as providing computer systems to persons located in

Delaware for infringing use by such persons.  Defendant also owns and/or operates an interactive

website for commercial purposes, including such purposes as promoting, marketing, and

advertising infringing computer systems and infringing uses of such computer systems.

Defendant's website is accessible to persons located in Delaware.   Through its website,

Defendant offers to make and/or use infringing computer systems for Delaware customers, and

uses such website to induce and contribute to the infringement by others located in Delaware.

Defendant also solicits inquiries on its website from Delaware customers regarding infringing

computer systems as well as regarding infringing uses of such computer systems.  Defendant's

actions constitute patent infringement in this District in violation of 35 U.S.C. § 271, and

Defendant has placed infringing computer systems and/or computer systems that perform

infringing methods into the stream of commerce, with the knowledge and understanding that

such systems are made and/or used in this District and/or that such methods are performed in this

District.   The acts by Defendant have caused injury to Blackbird Technologies within this District.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and § 1400(b) and because Defendant transacts business within this District and has committed acts that constitute infringement of U.S. Patent No. 7,809,717.

<u>THE PATENT-IN-SUIT</u>

7.      Blackbird Technologies reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

8.      On October 5, 2010, U.S. Patent No. 7,809,717 (the "'717 Patent") entitled, "Method and Apparatus for Concept-Based Visual Presentation of Search Results," a true and correct copy of which is attached hereto as Exhibit 1, was duly and legally issued by the U.S. Patent and Trademark Office ("USPTO").   Blackbird Technologies is the owner by assignment of all right, title, and interest to the '717 Patent, including all right to recover for any and all infringement thereof.

9.      The inventors named on the '717 Patent are Drs. Orland Hoeber, Xue-Dong Yang, and Yiyu Yao.   Each of the named inventors holds a PhD in Computer Science, among other degrees, and each is a member of the faculty in the Department of Computer Science at the University of Regina.   Dr. Hoeber is an Associate Professor and has authored or co-authored over 60 articles in the field of computer science.   Drs. Yang and Yao are both Professors.   Dr. Yang's research interests include computer graphics, image processing, and visualization.   Dr. Yao has authored or co-authored over 100 journal articles, over 225 conference papers, and some 50 book chapters in the field of computer science.   Dr. Yao has also received the University of Regina   Alumni   Association's   Award   for   Excellence   in   Research   for   his   outstanding

contributions to the field of computer science as well as the Overseas Friendship Award for his outstanding contributions in China to the field of artificial intelligence, among other awards.

10.     The '717 Patent is valid and enforceable.

11.     The claims of the '717 Patent recite specific methods and systems for providing and displaying search results, which solve problems associated with prior art methods and systems of searching large bodies of computer-readable documents, such as the vast amounts of information available on the World Wide Web, and displaying the results of such searches to users.   Prior art methods and systems for performing search queries often returned numerous results, and failed to support users in the broader tasks of manipulating search results, comparing documents, or finding a set of relevant documents.   The solutions claimed in the '717 Patent are necessarily rooted in computerized search technologies, and are directed to specific improvement in the way computer systems operate to provide and display search results.   The claims of the '717 Patent recite a specific series of steps and components that represent a departure from the then-routine and then-conventional steps and components associated with searching large bodies of computer-readable documents and displaying the results of such searches to users.   For example, many of the 40+ references cited on the face of the '717 Patent describe other ways of searching large bodies of computer-readable documents and displaying the results of such searches to users.

12.     According to USPTO assignment records, kCura LLC ("kCura"), the developer of infringing e-discovery software provided and used by Defendant, is the assignee of multiple U.S. patent applications on alleged inventions relating to electronic documents.   For example, kCura is the assignee on the following U.S. patent applications, among others:

a. U.S. Pub. No. 2015/0149474, filed November 27, 2013, relates to indexing and searching documents. Claim 1 of U.S. Pub. No. 2015/0149474 recites "indexing a collection of documents" in "a plurality of *N* batches."

b. U.S. Pub. No. 2015/0309972, filed April 24, 2014, relates to associating documents with database field values. Claim 1 of U.S. Pub. No. 2015/0309972 recites "displaying … the document" and "associating the document with the database field value based on the gesture," such as a "swipe."

c. U.S. Pub. No. 2016/0026614, filed July 24, 2014, relates to annotating documents. Claim 1 of U.S. Pub. No. 2016/0026614 recites a method comprising "annotating a document" retrieved by "a query."

d. U.S. Pub. No. 2016/0070727, filed September 9, 2014, relates to building search indices for databases. Claim 1 of U.S. Pub. No. 2016/0070727 recites a method comprising "executing a first query" and "executing a second query" using multiple sub-indices.

13.     The background section of U.S. Pub. No. 2015/0149474, filed November 27, 2013, which is assigned to kCura and which lists kCura's CEO as the first-named inventor, purports to explain:

> The vast majority of documents we create and/or archive are stored electronically…. In some circumstances, these databases can be very large….
>
> Searching these large databases can be problematic. First, depending on the size of the document collection, the indexing process can take hours or even days. Once an index has been built, the next challenge is searching against it. Depending on the complexity of the search and the size of the document collection, a search might take anywhere from a few seconds to several hours to complete. For both building and searching an index, options for improving performance have been traditionally limited to hardware improvements.

U.S. Pub. No. 2015/0149474 then purports to introduce an alleged improvement involving software. The abstract of U.S. Pub. No. 2015/0149474 states that, with respect to the alleged improvement, "the searching process creates a plurality of partial search results that are combined into a final search result."

5

COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,809,717

14.     Blackbird Technologies reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

15.     Defendant provides and uses an e-discovery system called "Relativity." According to kCura, Defendant is a "Premium Hosting Partner" for Relativity that has achieved "Best in Service" for providing Relativity to end users.  (Ex. 2).  Further according to kCura, a "Best in Service" hosting partner is required to provide "the latest Relativity releases" to end users.  (Ex. 3).  The current commercially-available version of Relativity is Version 9.3 ("v9.3").  (Ex. 4 at 2).  According to kCura, Relativity v9.3 includes various features called "products," including an "Analytics" product.  (Ex. 5 at 1).  Further according to kCura, Relativity Analytics includes a "[c]oncept searching" feature.  (Ex. 6 at 2).

16.     Upon information and belief, Defendant provides users with, or otherwise directs users to, documentation instructing users on how to use Relativity.

17.     The user documentation for Relativity v9.3, for example, states that "[a] concept search performed in Relativity Analytics reveals conceptual matches between the query and the document."  (Ex. 7 at 1).  The user documentation for Relativity v9.3 explains concept searching as follows:

> Using concept searching, you can submit a query of any size and receive documents that contain the concept the query expresses….
>
> Every term in an Analytics index has a position vector in the concept space. Every searchable document also has a vector in the concept space. These vectors, which are close together, share a correlation or conceptual relationship. Increased distance indicates a decrease in correlation or shared conceptuality. Two items that are close together share conceptuality, regardless of any specific shared terms.
>
> During concept searching, you create text explaining a single concept (called the concept query) and submit it to the index for temporary mapping into the concept

space. Analytics uses the same mapping logic to position the query into the concept space as it did the searchable documents….

Once the position of the query is established, Analytics locates documents that are close to it and returns those as conceptual matches. The document that is closest to the query is returned with the highest conceptual score. This indicates distance from the query, not percentage of relevancy—a higher score means the document is closer to the query, thus it is more conceptually related.

In addition, you can use concept searches in conjunction with keyword searches. Since a keyword can have multiple meanings, you can use a concept search to limit keyword search results by returning only documents that contain the keyword used in similar conceptual contexts.

(*Id.* at 1-2).

18.     The user documentation for Relativity v9.3, for example, instructs users on how

to perform a concept search with integrated keyword search (e.g., "dtSearch") as follows:

To run a concept search from the Documents tab, perform the following steps:

1.  Click the **Search With** drop-down menu on the Documents tab, and select an Analytics index from the list.

2.  Perform one or more of the following tasks:

    ▪   In the **Search Terms** box, enter words or phrases to run a dtSearch.

        This functionality is only available if the Analytics index has been configured to create an integrated dtSearch index. Contact your system admin to configure the configuration. See Creating an Analytics index.

    ▪   In the **Concepts** box, enter a paragraph, document, or long phrase for a conceptual search.

        **Note:** You'll get better results if you enter a block of text, rather than a single word. Single word entries return broad, unreliable results.

    ▪   To display fields for search conditions, click 🔍.

3.  Select any of these optional settings to control how your results are displayed:

- ▪ Select **Sort by Rank** to order the documents in the result set by relevance. The most relevant documents are displayed at the top of the list.

- ▪ Select **Min Concept Rank** to set the ranking for a minimum level of conceptual correlation. The resulting set contains only documents that meet this minimum correlation level.

(*Id.* at 4-5).

19.    Defendant has directly infringed one or more of the claims of the '717 Patent, including at least claims 16 and 25, in this judicial district and/or elsewhere in the United States. Defendant has directly infringed claims 16 and 25, for example, by making and using computer systems in conjunction with e-discovery software (*e.g.*, Relativity v9.3) capable of performing a concept search with integrated keyword search.  (Exs. 7-8).  Defendant's infringing activities violate 35 U.S.C. § 271(a).

20.    Defendant has become aware of the '717 Patent at least by virtue of the filing of this Complaint.  (*See* Ex. 1).

21.    At least on and after the filing of this Complaint, Defendant knowingly and intentionally actively induces the infringement of one or more of the claims of the '717 Patent, including at least claims 16 and 25, under 35 U.S.C. § 271(b).  Defendant knowingly and intentionally specifically encourages and instructs others such as end users to infringe claims 16 and 25, for example, by making and using computer systems operable with e-discovery software (*e.g.*, Relativity v9.3) capable of performing a concept search with integrated keyword search. Defendant specifically promotes, markets, and advertises e-discovery software (*e.g.*, Relativity v9.3) as useful with a computer system comprising a processor, memory, display device, and program module (Exs. 9-10), and specifically encourages and instructs end users on how to perform a concept search with integrated keyword search.  (Exs. 7-8).  Defendant intentionally actively induces the infringement of one or more of the claims of the '717 Patent, as described

above, with the specific intent that others such as end users make and use the claimed systems (*e.g.*, claims 16 and 25).

22.     At least on and after the filing of this Complaint, Defendant also contributes to the infringement of one or more of the claims of the '717 Patent, including at least claims 16 and 25 under 35 U.S.C. § 271(c).  Defendant knowingly and intentionally offers to sell and sells within the United States e-discovery software (*e.g.*, Relativity v9.3) capable of performing a concept search with integrated keyword search, which is a component of the systems covered by the '717 Patent (*e.g.*, claims 16 and 25), constituting a material part of the systems and methods covered by the '717 Patent, knowing such software to be especially made or especially adapted for use in infringing the '717 Patent when combined and used by others such as end users with a computer system comprising a processor,  memory, a display device and program module.  Defendant specifically promotes, markets, and advertises e-discovery software (*e.g.*, Relativity v9.3) capable of performing a concept search with integrated keyword search as useful with a computer system comprising a processor, memory, display device, and program module (Exs. 9-10), and specifically encourages and instructs end users on how to use such software on such a computer system.  (Ex. 7-8).  Infringing e-discovery software (*e.g.*, Relativity v9.3) capable of performing a concept search with integrated keyword search, provided by Defendant, is not a staple article or commodity of commerce suitable for substantial non-infringing use, for example, as such software provided by Defendant is only meaningfully useful with a computer system comprising a processor, memory, a display device, and program module.

23.     The direct infringement of the '717 Patent with respect to Defendant's e-discovery system (*e.g.*, Relativity v9.3 in conjunction with a computer system), whether by Defendant or by others induced or contributed to by Defendant, occurs literally and/or under the

doctrine of equivalents.  To the extent such direct infringement is not literal, the differences between the claimed methods and systems and the infringing methods and systems are insubstantial, as the infringing methods and systems perform substantially the same function, in substantially the same way, to achieve the substantially same result.

24.     Other versions of the Relativity e-discovery software (*e.g.*, v9.2, v.9.1, v9, v8.2, v8.1, v8, v7.5) are also believed to infringe the '717 Patent as generally described above (*see, e.g.*, Ex. 11), and this Complaint should be construed to cover such other versions as well.

25.     Blackbird Technologies is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of its infringement of the '717 Patent.

26.     Blackbird Technologies has sustained damages as a direct and proximate result of Defendant's infringement of the '717 Patent.

27.     As a consequence of Defendant's infringement of the '717 Patent, Blackbird Technologies is entitled to the recovery of past damages in the form of, at a minimum, a reasonable royalty.

28.     Upon information and belief, Defendant will continue to infringe the '717 Patent unless enjoined by this Court.

29.     As a consequence of continued infringement of the '717 Patent by Defendant complained of herein, Blackbird Technologies has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts unless Defendant is enjoined by this Court from committing further acts of infringement. Blackbird Technologies has no adequate remedy at law.  In the event this Court determines that it will not award injunctive relief, this Court should require Defendant to pay damages for past infringement of the '717 Patent and royalties for its infringement of the '717 Patent on a going-forward basis.

## PRAYER FOR RELIEF

WHEREFORE, Blackbird Technologies respectfully requests that this Court enter judgment against Defendant, as follows:

A.      Adjudging that the '717 Patent is valid and enforceable;

B.      Adjudging that Defendant has infringed one or more claims of the '717 Patent, including at least claims 16 and 25, in violation of 35 U.S.C. § 271;

C.      An award of damages to be paid by Defendant adequate to compensate Blackbird Technologies for its past infringement and any continuing or future infringement up until the date such judgment is entered, and in no event less than a reasonable royalty, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Blackbird Technologies for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D.      Granting Blackbird Technologies permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendant, its officers, agents, servants, employees, affiliates, and those persons in active consort with them from future acts of patent infringement of the '717 Patent;

E.      In the event that this Court determines that it will not enter injunctive relief, ordering Defendant to continue to pay royalties to Blackbird Technologies for infringement of the '717 Patent on a going-forward basis;

F.      This case be judged exceptional under 35 U.S.C. § 285, and costs and attorney's fees be awarded to Blackbird Technologies;

G.      Awarding Blackbird Technologies pre-judgment and post-judgment interest at the maximum rate permitted by law on its damages; and

H.      Blackbird Technologies be granted such further relief as this Court deems just and

proper under the circumstances.


DEMAND FOR JURY TRIAL

Blackbird Technologies demands a trial by jury on all claims and issues so triable.


Dated:  June 7, 2016                          STAMOULIS & WEINBLATT LLC

OF COUNSEL                                    */s/ Stamatios Stamoulis*
                                              Stamatios Stamoulis #4606
Christopher Freeman                              stamoulis@swdelaw.com
cfreeman@blackbird-tech.com                   Richard C. Weinblatt #5080
Wendy Verlander                                  weinblatt@swdelaw.com
wverlander@blackbird-tech.com                 Two Fox Point Centre
David Gerasimow                               6 Denny Road, Suite 307
dgerasimow@blackbird-tech.com                 Wilmington, DE 19809
Blackbird Tech LLC d/b/a                      Telephone: (302) 999-1540
Blackbird Technologies
One Boston Place, Suite 2600                  *Attorneys for Plaintiff*
Boston, MA 02108                              *Blackbird Tech LLC*
617.307.7100                                  *d/b/a Blackbird Technologies*